**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF MONTANA**

**HELENA DIVISION**

_____

| | |
|---|---|
| DUSTIN KEITH FOLDEN, | Cause No. CV 08-17-H-DWM-RKS |
|        Plaintiff, | |
|        vs. | ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT FOR FAILURE TO EXHAUST |
| MONTANA STATE PRISON, SHANE HUNGAT, and BUTCH HARMON, | |
|        Defendants. | |

_____

This matter comes before the Court on Plaintiff's Motion to Proceed In Forma Pauperis (Document 1) and a proposed Complaint submitted pursuant to 42 U.S.C. § 1983. (Document 2). The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

**I.  MOTION TO PROCEED IN FORMA PAUPERIS**

Plaintiff has submitted a declaration and an account statement which this Court finds sufficient to make the showing required by 28 U.S.C. §1915(a). Accordingly, the request to proceed in forma pauperis will be **GRANTED.**

ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND FINDINGS
AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DISMISS
COMPLAINT FOR FAILURE TO EXHAUST / PAGE 1

The Complaint shall be deemed filed as of the date that the Motion to Proceed In Forma Pauperis was filed and the proposed complaint was delivered to the Clerk of Court.  *See Loya v. Desert Sands Unified Sch. Dist., 721 F.2d 279, 280-81 (9th Cir. 1983); see also United States v. Dae Rim Fishery Co., 794 F.2d 1392, 1395 (9th Cir. 1986)* (concluding complaint constructively filed when delivered to clerk of court).

Notwithstanding his forma pauperis status, Plaintiff is required to pay the statutory filing fee of $350.00 for this action, even if the case is dismissed.  *See* 28 U.S.C. § 1915(b)(1), (e)(2).  Because the Court does not know the balance in Plaintiff's account today, the initial partial filing fee will be waived.  However, Plaintiff must make monthly payments of 20% of the income credited to his account each month.  The percentage is set by statute and cannot be altered.  *See* 28 U.S.C. § 1915(b)(2).  By separate order, the Court will direct the agency having custody of Plaintiff to forward payments to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is paid in full.  *See id.*

## II.  PARTIES

Plaintiff is a state prisoner proceeding pro se.  Plaintiff is incarcerated at the Montana State Prison in Deer Lodge,

Montana.[1]

Plaintiff has named Butch Harmon, a shift sergeant at Montana State Prison; Shane Hungat, a correctional officer at Montana State Prison; and Montana State Prison as defendants in this action.

## III.  PRELIMINARY SCREENING OF THE COMPLAINT

As the Court has permitted Plaintiff to proceed in forma pauperis, his Complaint is subject to screening under 28 U.S.C. §§ 1915 and 1915A.  Section 1915A reads in pertinent part as follows:

> The court shall review  . . .  as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and][o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a) and (b); *see also* 28 U.S.C. § 1915(e)(2)(B) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that  . . .  (B) the action or appeal-(i)

---

[1]Plaintiff named Steven Shane McCann as an additional plaintiff in his Complaint.  However, the Court does not allow pro se litigants to proceed together in one action.  Although these gentlemen submitted their original complaints together, the Court opened a separate case for each Plaintiff.  Accordingly, Dustin Keith Folden is the sole plaintiff in this case.

ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT FOR FAILURE TO EXHAUST / PAGE 3

is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.").

Both sections 1915A(b) and 1915(e)(2)(B) provide that the Court may dismiss the complaint before it is served upon the defendants if it finds that the complaint is "frivolous" or that it "fails to state a claim upon which relief may be granted."  A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).  A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. ____, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007)(quotation omitted).  This requirement demands "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* A complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, ___ U.S. ____, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007)(quoting *Bell Atlantic Corp.*, 127 S.Ct. at 1964 (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957))).

Finally, "[a] document filed *pro se* is 'to be liberally

ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT FOR FAILURE TO EXHAUST / PAGE 4

construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson*, 127 S.Ct. at 2200; *Cf*. Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice").

## IV.   PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that on February 13, 2008, he was placed in "max detention" by Defendants Harmon and Hungat.  He contends that the cell in which he was put had numerous glass chunks, pepper spray and tear gas residue all over the cell.  He alleges he was kept in this cell and denied cleaning supplies until February 19, 2008.  Plaintiff signed and submitted his Complaint to this Court one week later on February 26, 2008.

## V.   ANALYSIS

The Court need not engage in an analysis of Plaintiff's substantive allegations given the circumstances of this case. Plaintiff submitted a form for prisoner complaints under 42 U.S.C. § 1983.  In Plaintiff's Complaint, in the section pertaining to Exhaustion of Administrative Remedies, Plaintiff denied that there was a grievance procedure in his current institution and conceded that he had not filed an administrative grievance based upon the facts forming the basis of this lawsuit. Plaintiff explained his failure for filing an administrative

ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND FINDINGS
AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DISMISS
COMPLAINT FOR FAILURE TO EXHAUST / PAGE 5

grievance by stating, "eighth amendment violation." (Document 2,

p. 3 at ¶ II(B)(1-3)).

The PLRA's exhaustion requirement is set forth in §

1997e(a), which states that:

> [n]o action shall be brought with respect to prison
> conditions under section 1983 of this title, or any
> other Federal law, by a prisoner confined in any jail,
> prison, or other correctional facility until such
> administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a); *see also* *Porter v. Nussle*, 534 U.S. 516,

524-25 (2002); *Booth v. Churner*, 532 U.S. 731, 741 (2001).

Exhaustion of administrative remedies is not a pleading

requirement. *Wyatt v. Terhune*, 315 F.3d 1108, 1112 (9th Cir.

2003).  It is an affirmative defense and inmates are not required

to specially plead or demonstrate exhaustion in their complaints.

*Jones v. Bock*, ___ U.S. ___, ___, 127 S.Ct. 910, 921 (2007).

However a complaint may be subject to dismissal for failure to

state a claim when an affirmative defense (such as failure to

exhaust) appears on the face of the pleading.  *Id*. at 920-921.

Where the plaintiff specifically states in his Complaint or the

documents submitted therewith that he has not exhausted his

administrative remedies, the Court need not await a defendant's

assertion of affirmative defenses to find that relief is

precluded.  "A prisoner's concession to nonexhaustion is a valid

ground for dismissal, so long as no exception to exhaustion

ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND FINDINGS
AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DISMISS
COMPLAINT FOR FAILURE TO EXHAUST / PAGE 6

applies." *Wyatt*, 315 F.3d at 1120.

Although Plaintiff stated that there was not a grievance procedure in his current institution, he was incarcerated at the Montana State Prison at the time he filed his Complaint.  The Court takes judicial notice of the fact that the Montana State Prison has a detailed grievance procedure. Fed. R. Evid. 201; *Brown v. Valoff*, 422 F.3d 926, 931, 933 (9th Cir. 2005). Plaintiff concedes that he did not file an administrative grievance based upon the facts which form the basis of his lawsuit.  Although he states that this is an Eighth Amendment violation, that does not excuse the exhaustion requirement.

Plaintiff conceded that he did not file an administrative grievance regarding his claims and no exception applies in these circumstances.  Therefore, this case should be dismissed without prejudice for failure to exhaust administrative remedies.

Based on the foregoing, the Court enters the following:

**ORDER**

1.  Plaintiff's Motion to Proceed In Forma Pauperis (Document 1) is **GRANTED**.  The Clerk of Court shall waive prepayment of the filing fee.  While Plaintiff will not be assessed an initial partial filing fee, Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action as set forth above.

ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND FINDINGS
AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DISMISS
COMPLAINT FOR FAILURE TO EXHAUST / PAGE 7

2.   The Clerk shall edit the text of the docket entry for

the Complaint (Document 2) to remove the word "LODGED" and the

Complaint is **DEEMED FILED** on February 27, 2008.

The Court also enters the following:

### RECOMMENDATION

The Complaint (Document 2) should be **DISMISSED WITHOUT**

**PREJUDICE** for failure to exhaust administrative remedies prior to

filing suit.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and

file written objections to this Findings and Recommendations

within ten (10) business days of the date entered as indicated on

the Notice of Electronic Filing.  A district judge will make a de

novo determination of those portions of the Findings and

Recommendations to which objection is made.  The district judge

may accept, reject, or modify, in whole or in part, the Findings

and Recommendations.  Failure to timely file written objections

may bar a de novo determination by the district judge.

Plaintiff must keep the Court informed of his current

mailing address while the action remains pending.

DATED this <u>3rd</u> day of April, 2008.


                                    /s/ Keith Strong
                                    Keith Strong
                                    United States Magistrate Judge

ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND FINDINGS
AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DISMISS
COMPLAINT FOR FAILURE TO EXHAUST / PAGE 8